UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY EDWARDS,

    Petitioner,

    v.                                   CAUSE NO. 3:20-CV-127-PPS-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Zachary Edwards, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary hearing (MCF 19-06-0356) held on August 29, 2019, where the Disciplinary Hearing Officer (DHO) found him guilty of possession of intoxicants in violation of Indiana Department of Correction offenses B-231. As a result, he was sanctioned with a sixty-day loss of good time credits and a thirty-day loss of privileges. The loss of good time credits, however, was not imposed because Edwards didn't have any good time credit to take. The respondent has moved to dismiss on this basis. While Edwards opposes the dismissal, he does not contest the respondent's assertion that he did not lose any good time credit as the result of the finding of guilt.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, because this disciplinary hearing did not result in the lengthening of the duration of Edward's confinement, habeas corpus relief is not available. Because there is no relief that he can obtain in this habeas corpus

proceeding, I must grant the motion to dismiss and deny the petition. If, in the future, the sanction is imposed, then Edwards may file another habeas corpus petition.

For these reasons, the court:

(1) GRANTS the respondent's motion to dismiss (ECF 6):

(2) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4; and

(3) DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED.

ENTERED: June 15, 2020.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT